UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD JOHNSON,                    No. 2:07-CV-0257-FVS

                    Petitioner,          ORDER DENYING PETITION FOR
                                         WRIT OF HABEAS CORPUS

              v.

ROBERT HOREL, et al.,

                    Respondents.

          **THIS MATTER** comes before the Court on Petitioner's Petition For

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Ct. Rec. 5).

Petitioner is proceeding pro se.  Respondent is represented by Marcia

A. Fay, a Deputy Attorney General for the State of California.

          **BACKGROUND**

          At the time his petition was filed, Petitioner was in custody at

Pelican Bay State Prison pursuant to his March 8, 2005, conviction in

Yolo County Superior Court for selling cocaine base and having a prior

narcotics conviction, having served a prior prison term, and having a

prior serious felony conviction.  The court sentenced Petitioner to a

12-year prison term.  Petitioner challenges his sentence.

**I.  Factual History**

          The California Court of Appeal, Third Appellate District,

described the facts of this case as follows:

> On October 19, 2004, Agent Jonathan Wayne Updegraff, an
> investigator for the Yolo County District Attorney's Office, was
> working as an undercover agent for the Yolo County Narcotic

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

Enforcement Team at the Old Town Inn, a motel on 826 West Capitol Avenue. Agent Updegraff was part of a larger operation aimed at determining which rooms were involved in the sale of controlled substances and apprehending the major dealers.

The agent stayed in room 33 and left the door open. At around 8:00 p.m., defendant approached room 33 and said something unintelligible to Agent Updegraff. The agent asked defendant if he was Bobby, telling him, "I was waiting for Bobby to get me some stuff." Defendant did not respond, so Agent Updegraff asked him if he had any "white," a reference to rock cocaine. Defendant asked if that meant cocaine, and Agent Updegraff answered, "yes." Defendant then asked the Agent if he was a cop. Agent Updegraff said no, and told defendant that he wanted a $20. Defendant said that he could get the agent a better deal for $30, but Agent Updegraff said that he only wanted a $20. The agent then asked defendant "if he had it with him." Defendant said, "no, he had to go get it." Agent Updegraff then handed a $20 bill to defendant.

Defendant then went to an apartment south of room 33, stayed there for about a minute, went to another motel room, staying there for a minute, and then came out, meeting a woman in the motel parking lot. As defendant and the woman approached the room, Agent Updegraff closed the door, not wanting to have them in his room. His concern was that an undercover officer normally does not "want to deal two on one," and that his cover units were not close by. Defendant knocked on the door, insisting that they had to enter. Agent Updegraff then opened the door and let the couple in.

Defendant "had a glass rock cocaine pipe in one hand and a piece of rock cocaine in the other." He and the woman said they wanted to see Agent Updegraff smoke some cocaine. The agent said no, he did not want to be using right now because his girlfriend was coming over. Agent Updegraff then reached over and took the cocaine from defendant's hand. The agent was concerned that arresting defendant in the motel room could compromise the entire operation, so he tried to get defendant and the woman out of the room. The cover agent then sent a plain-clothed officer to the complex to knock on the door and tell defendant and the woman to leave. The $20 bill was never found.

During the encounter, the woman noticed that Agent Updegraff was wearing something under his coveralls. Agent Updegraff was wearing his service weapon and some ammunition, so he brushed her hand away as she reached over. The woman also noticed the agent's tape recorder and cell phone, but Agent Updegraff demonstrated to the woman that neither device was on. Agent Updegraff was concerned that his cover would be exposed at the time he took the cocaine.

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

The prosecutor submitted certified copies of documentary evidence of defendant's prior convictions and prison sentence in order to prove the enhancements at the bifurcated hearing. Defense counsel did not object to their admission.

*People v. Johnson*, 2006 WL 1645229 at *1-2 (Cal. App. 3 Dist. 2006).

## II.  Procedural History

Petitioner was convicted following a jury trial of one count of selling cocaine base (Cal. Health and Safety Code § 11352(a)).  In bifurcated proceedings, the trial court found true the prior narcotics conviction enhancement (Cal. Health and Safety Code § 11370.2(a)), the prior serious felony conviction enhancement (Cal. Penal Code § 667(c), (d), and (e)(1)) and one of the two prior prison term enhancements (Cal. Penal Code § 667.5(b)).  Petitioner was sentenced to state prison for a term of 12 years on March 8, 2005.

Petitioner appealed from his conviction and sentence to the California Court of Appeal, Third Appellate District.  On June 15, 2006, the California Court of Appeal affirmed Petitioner's judgment and sentence.  *Johnson*, 2006 WL 1645229 at *1.

Petitioner thereafter sought review by the California Supreme Court.  The California Supreme Court denied Petitioner's request for review on August 30, 2006.

On March 26, 2007, Petitioner filed a petition for writ of habeas corpus asking for federal review.  (Ct. Rec. 5).  Respondent's answer was filed on July 16, 2007 (Ct. Rec. 13) and Petitioner filed a traverse on August 6, 2007 (Ct. Rec. 15).

Petitioner's petition (Ct. Rec. 5) is now before the Court.

///

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

**ISSUES**

Petitioner presents the following grounds for relief:

1.  THE EVIDENCE WAS INSUFFICIENT TO SUPPORT FINDING THAT PETITIONER SOLD COCAINE BASE THEREBY DENYING THE RIGHTS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

2.  THE MODIFIED JURY INSTRUCTION PERTAINING TO DRUG SALES VIOLATED PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.

3.  THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON LESSOR-INCLUDED OFFENSES DEPRIVED PETITIONER OF HIS SIXTH AMENDMENT RIGHT TO A JURY TRIAL.

4.  THE USE OF DOCUMENTARY EVIDENCE TO PROVE PRIORS DENIED PETITIONER HIS RIGHT OF CONFRONTATION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND *CRAWFORD V. WASHINGTON*.

(Ct. Rec. 5).

**DISCUSSION**

**I.  Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief if a state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 399, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "Clearly established federal law" consists of "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Anderson v. Terhune*, 516 F.3d 781, 798 (9th Cir. 2008) (citing *Lockyer v. Andrade*, 538 U.S. 63, 70-73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).  A decision is

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

"contrary to" clearly established federal law in two circumstances. First, a state court decision is contrary to clearly established federal law when "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405, 120 S.Ct. at 1519, 146 L.Ed.2d at 425.  Second, a state court decision is "contrary to" clearly established federal law when the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.* at 412-413, 120 S.Ct. at 1523, 146 L.Ed.2d at 430.  A state court unreasonably applies clearly established federal law when it applies the law in a manner that is "objectively unreasonable."  *Id.* at 409.  "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) - whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." *Lockyer*, 538 U.S. at 71.

Furthermore, habeas relief is warranted only if a constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Bains v. Cambra*, 204 F.3d 964, 977-978 (9th Cir.) *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

///

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

Petitioner is entitled to habeas relief only if he can show that any constitutional violation "resulted in 'actual prejudice.'" *Brecht*, 507 U.S. at 619.

In examining whether state courts reached a decision that was contrary to federal law or whether the state courts unreasonably applied such law, the court should look to the last reasoned state court decision. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002) *cert.* dismissed, 538 U.S. 919, 123 S.Ct. 1571, 155 L.Ed.2d 308 (2003). Where no reasoning is given in either the state court of appeals or the state supreme court, Ninth Circuit Courts must determine whether a state court's decision was objectively unreasonable based on an independent review of the record. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (quoting Delgado v. Lewis, 223 F.3d 976, 981-982 (9th Cir. 2000). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Id.*

Here, the last reasoned decision from a California state court is the decision of the California Court of Appeal. *Johnson*, 2006 WL 1645229 at *1. Therefore, this Court shall examine the appellate court's decision to determine whether there existed a contrary or unreasonable application of federal law at the state level with regard to Petitioner's claims.

## II. Sufficiency of the Evidence Claim

Petitioner first asserts that the jury's finding that he sold cocaine base was not supported by sufficient evidence because the

officer grabbed the cocaine out of Petitioner's hand, as opposed to Petitioner transferring the cocaine to him, thus negating Petitioner's "intent" to transfer the cocaine.  (Ct. Rec. 5).

Under clearly established Supreme Court case law, due process requires that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  Under 28 U.S.C. § 2254(d)(1), the inquiry is whether a state court determination that the evidence was sufficient to support a conviction was an "objectively unreasonable" application of *Jackson*.  *Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007), *vacated in part and denial of rehearing en banc by* 503 F.3d 822 (9th Cir. 2007), *reversed and remanded on other grounds by Waddington v. Sarausad*, 129 S.Ct. 823, 172 L.Ed.2d 532 (2009).  A state court's resolution of a *Jackson* sufficiency of the evidence claim is evaluated in all cases under § 2254(d)(1).  *Sarausad*, 479 F.3d at 678.[1]

///

///

_____

[1]Section 2254(d)(2) does not apply because under *Jackson*, a court makes no "determination of the facts" in the ordinary sense of resolving factual disputes.  The Court views the evidence in the light most favorable to the prosecution without resolving any disputed factual questions.  Under *Jackson*, a federal court does not decide whether the state court unreasonably determined disputed facts, but whether the state court unreasonably applied the *Jackson* test of "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Sarausad*, 479 F.3d at 677-678.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7

Here, there was sufficient evidence to support the Yolo County Superior Court jury's conviction of Petitioner for selling cocaine base.

The California Court of Appeal analyzed Petitioner's *Jackson* claim as follows:

> Defendant's first claim is that the guilty verdict is so lacking in evidentiary support that the verdict violates due process. This contention is not meritorious. The standard for determining the constitutional sufficiency of the evidence supporting a guilty verdict "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational tier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 (*Jackson*) [61 L.Ed.2d 560, 573].) Defendant does not come close to meeting this standard.
>
> The *Jackson* claim (*supra,* 443 U.S. 307) centers on the fact that Agent Updegraff took the cocaine from defendant's hand. Defendant argues that since he did not personally transfer the cocaine to the agent, defendant never completed the sale. Section 11352, subdivision (a), is violated when one "sells, furnishes . . . or gives away" a controlled substance. (§ 11352, subd. (a).) "A person who transfers possession of a restricted dangerous drug to another for cash is engaged in traffic in such drugs and thus subject to the severe penalties provided by law." (*People v. Daniels* (1975) 14 Cal.3d 857, 861.) This is a general intent crime; the defendant only needs to intentionally do what the law prohibits in order to be liable. (See *ibid.*) The courts have also implied an element that the defendant knew the nature of the substance sold. (*Id.* at p. 860.)
>
> There is ample proof of every element of the crime. The uncontradicted evidence establishes that defendant accepted the undercover agent's offer of $20 for rock cocaine, took the payment, retrieved the cocaine from another room, and delivered it to the agent's room. While Agent Updegraff finished the exchange by taking the cocaine from defendant's hand, this does not negate the sale. The defendant did not have to personally transfer the cocaine to the agent in order to be liable for the sale. For example, a person can be liable for the sale of a controlled substance even though a third party delivers the drugs. (See *People v. Taylor* (1959) 52 Cal.2d 91, 92, 94.) A person is also guilty of selling narcotics when he places the drugs at a location and gives that information to a third party who tells the location to the buyer in exchange for the money. (See *People v. Levey* (1973) 8 Cal.3d 648, 651 & fn. 1.)

> Although defendant expressed a desire for the agent to smoke the cocaine immediately, he did not prevent Agent Updegraff from taking the drug. His lack of resistance to the taking [of the] cocaine supports the conclusion that defendant allowed the transaction to be completed. While defendant was justifiably suspicious of the undercover agent, he did not back out of the sale. A rational fact finder could conclude beyond a reasonable doubt that defendant sold cocaine base to Agent Updegraff.

*Johnson*, 2006 WL 1645229 at *2-3.

Petitioner was convicted following a jury trial of one count of selling cocaine base (Cal. Health and Safety Code § 11352(a)).  Cal. Health and Safety Code § 11352(a) provides as follows:

> Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . any controlled substance . . . , unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison . . . .

Sufficient proof of all essential elements of this crime was provided to the jury.  Petitioner asked Agent Updegraff if he wanted cocaine. Agent Updegraff responded affirmatively and told Petitioner that he wanted a 20.  Petitioner indicated that he could help Agent Updegraff and indicated that he had to "go get" the cocaine.  Petitioner took a $20 bill from Agent Updegraff, left Agent Updegraff's room, and later returned to Agent Updegraff's room with a cocaine pipe and cocaine. Petitioner offered the cocaine to Agent Updegraff to use.  Agent Updegraff took the cocaine from Petitioner's hand.  Under these facts, a rational trier of fact could have found beyond a reasonable doubt that Petitioner intended to sell the cocaine base.

As noted by the California Court of Appeal, while Agent Updegraff finished the exchange by taking the cocaine from Petitioner's hand,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 9

this does not negate the sale.  A defendant need not personally transfer the cocaine to the agent in order to be liable for the sale. *See People v. Taylor,* 52 Cal.2d 91, 92, 94 (1959) (a person can be liable for the sale of a controlled substance even though a third party delivers the drugs); *see also People v. Levey,* 8 Cal.3d 648, 651 & n. 1 (1973) (a person can be guilty of selling narcotics when he places the drugs at a location and gives that information to a third party who tells the location to the buyer in exchange for the money).

There was sufficient evidence to support Petitioner's conviction for selling cocaine base.  The reasoning of the California Court of Appeal, Third Appellate District, in affirming the jury determination is not contrary to, and does not involve an unreasonable application of, clearly established law as determined by the Supreme Court of the United States in *Jackson v. Virginia*.  Accordingly, Petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

**III.  Instructional Error Claim**

Petitioner complains that the trial court's instruction of a modified version of CALJIC No. 12.02 pertaining to drug sales, violated Petitioner's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.  (Ct. Rec. 5).

The California Court of Appeal discussed Petitioner's jury instruction claim as follows:

> The trial court added the italicized portion to CALJIC No. 12.02, and the defense objected. Defendant contends that this is error because the sale of a controlled substance involves a transfer of the drugs from the seller to the buyer. As we noted earlier, the sale of drugs does not require actual delivery from the buyer or the seller. The drugs may be taken through an

intermediary or through other indirect arrangements. It is true that if defendant had absconded with the money and failed to deliver the cocaine he only would be liable for offering to sell a controlled substance (see *People v. Jackson* (1963) 59 Cal.2d 468, 469), but defendant did not abscond . . . . While the instruction could be error in some cases, there is no instructional error in this case.

Even if the instruction was error, any error was harmless. An instruction that omits or misstates an element ordinarily is subject to the harmless constitutional error standard of *Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]. (*People v. Flood* (1998) 18 Cal.4th 470, 502-503 (*Flood*).) Assuming the instructional error at issue in this case implicates defendant's federal due process rights, reversal is not warranted because the error is harmless beyond a reasonable doubt. (See *Chapman, supra,* 386 U.S. at p. 24 [17 L.Ed.2d at pp. 710-711].)

Any error in this case is harmless under the *Cantrell-Thornton* exception to reversible error. [] This exception states "that when a trial court commits federal constitutional error in removing an element of an offense from the jury's consideration, the error may be found harmless, for federal constitutional purposes, in circumstances in which the parties recognized the omitted element was at issue, presented all evidence at their command on that issue, and the record not only establishes the element as a matter of law but shows the contrary evidence not worthy of consideration." (*Flood, supra,* Cal.4th at p. 506.)

Defendant did not present any evidence in the case. The evidence that he intended to sell the drugs was overwhelming, and establishes the necessary criminal intent as a matter of law. Defendant's argument at trial that he lacked the necessary criminal intent did not merit consideration. The *Cantrell-Thornton* exception has not been overturned by the United States Supreme Court, and remains a valid application of the harmless error rule. (See *ibid.*) The *Cantrell-Thornton* exception renders harmless any alleged instructional error.

*Johnson*, 2006 WL 1645229 at *3-4.

To prevail on his federal instructional error claim, Petitioner must show that the instruction violated some due process right protected by the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). However, it is not enough to show that the instruction was undesirable, erroneous or condemned. *Id.* Relief is

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 11

warranted for claims of instructional error only if the error "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *see Dowling v. United States*, 493 U.S. 342, 352 (1990) (the categories of infractions that violate the due process guarantee of fundamental fairness are very narrow).  That is not the case here.

The trial court gave the following modified version of CALJIC No. 12.02:

> Defendant is accused in Count one of the Information of having violated section 11352 . . ., a crime.

> Every person who sells a controlled substance, is guilty of a violation of . . . section 11352, a crime.

> "Sale" means any exchange of cocaine base for cash, favors, services, goods or other non-cash benefits, *however the actual transfer or exchange of the controlled substance is not required.*

> In order to prove sales, each of the following must be proved:

> 1. A person sold cocaine base, a controlled substance;

> and

> 2. That person knew of its presence and nature as a controlled substance.

The trial court added the italicized portion to CALJIC No. 12.02, and the defense objected asserting that the additional language "severely limits the defense" because the defense planned to argue that Petitioner did not have the requisite intent to sell the cocaine.

As noted by Respondent, Petitioner cites no cases directly supporting his argument that the court's instruction that the actual transfer or exchange of the controlled substance is not required for a "sale" to have occurred constituted a violation of his federal due

process rights.  (Ct. Rec. 13 at 15).  Moreover, while Petitioner contends that the instruction was in error because a "sale" involves a transfer of the drugs from the seller to the buyer, as noted by the California Court of Appeal and repeated above, a defendant need not personally transfer drugs to a buyer in order to be liable for the sale.  *See Taylor*, 52 Cal.2d at 92, 94 (a person can be liable for the sale of a controlled substance even though a third party delivers the drugs); *See also Levey,* 8 Cal.3d at 651 & n. 1 (a person can be guilty of selling narcotics when he places the drugs at a location and gives that information to a third party who tells the location to the buyer in exchange for the money).  The evidence that Petitioner intended to sell the cocaine to Agent Updegraff was sufficient.  *Supra*.

Petitioner has thus failed to demonstrate that the California Court of Appeal's rejection of his instructional error claim is contrary to or an unreasonable application of clearly established law as determined by the Supreme Court of the United States.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

**IV.  Lesser Included Offenses Claim**

Petitioner contends that the trial court erred by failing to instruct the jury on the offenses of possession and possession for sale, in violation of Petitioner's Sixth Amendment right to a jury trial.  (Ct. Rec. 5).  Petitioner's counsel asked the trial court to instruct the jury on these "lessor included" offenses.  The trial court denied the request, indicating that the offenses were not necessarily included offenses of the sale count.

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 13

The California Court of Appeal denied Petitioner's lesser included offenses claim indicating as follows:

> We also reject defendant's argument that he should have been instructed on the lesser included offenses of possession of a controlled substance (§ 11350) and possession for sale (§ 11351). "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117.) Possession for sale and simple possession are not lesser included offenses of sale of a controlled substance. They fail under the statutory elements test because the possession offenses require an element, possession of a controlled substance, that "is not an essential element of the sale offense." (*People v. Murphy* (2005) 134 Cal.App.4th 1504, 1508; see also *People v. Peregrina-Larios* (1994) 22 Cal.App.4th 1522, 1524.) Since the information simply charged defendant with selling cocaine base in violation of Health and Safety Code section 11352, subdivision (a), the pleadings do not justify a lesser included offense instruction. (See *Murphy*, *supra*, 134 Cal.App.3d at p. 1509.)
>
> Defendant's reliance on *People v. Tinajero* (1993) 19 Cal.App.4th 1541 is misplaced because the facts in *Tinajero* are distinguishable. There, defendant provided cocaine to an undercover police officer, but was arrested before the officer gave him the buy funds. The Court of Appeal concluded: "Both possession for sale, and simple possession, are lesser included offenses of the sale of cocaine under the facts of this case." (*Id.* at p. 1547.) We need not decide whether *Tinajero* correctly states the law. Here, unlike *Tinajero*, the evidence and all reasonable inferences therefrom do not raise "a question as to whether all of the elements of the charged offense are present . . . ." (*Ibid.*) Even if simple possession or possession for sale are lesser included offenses of the sale of a controlled substance, the trial court was not required to instruct concerning either offense.

*Johnson*, 2006 WL 1645229 at *3.

The Supreme Court has held that a defendant in a capital case has a constitutional right to have the jury instructed on a lesser included offense in certain instances. *Beck v. Alabama*, 447 U.S. 625, 638 (1980). However, the Supreme Court expressly reserved judgment on "whether the Due Process Clause would require the giving of such

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 14

instructions in a non-capital case." *Id.* at 638 n. 7.  When the Supreme Court states that it has not decided an issue, there is no clearly established federal law for the purpose of AEDPA as to that issue.  *Quinn v. Haynes*, 234 F.3d 837, 846 (4th Cir. 2000); *Vick v. Williams*, 233 F.3d 213, 217 (4th Cir. 2000); *Green v. French*, 143 F.3d 865, 879-880 (4th Cir. 1998), *overruled on other grounds, Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

Since *Beck*, the federal circuits have split on the question of whether the holding of *Beck*, that due process requires lesser included offense instructions in certain instances for capital cases, applies to non-capital cases.  *See Solis v. Garcia*, 219 F.3d 922, 928-929 (9th Cir. 2000) (collecting cases).  With the intercircuit split on whether the lack of a lesser included offense instruction in a non-capital case presents constitutional error, any finding of constitutional error would create a new rule, inapplicable to the present case under *Teague v. Lane*, 489 U.S. 288 (1989) (new rules of criminal procedure are not applicable to cases that became final before the new rule was announced).  *See Turner v. Marshall*, 63 F.3d 807, 818-819 (9th Cir. 1995), *overruled on other grounds* by *Tolbert v Page*, 182 F.3d 677 (9th Cir. 1999) (*en banc*).

Furthermore, the Ninth Circuit has held that the failure of a state trial court to instruct on a lesser included offense in a non-capital case does not ordinarily present a federal constitutional question.  *Solis*, 219 F.3d at 929; *Windham v. Merkle*, 163 F.3d 1092, 1105-1106 (9th Cir. 1998).  The only exception that may exist is where the trial court refuses to adequately instruct on a defendant's theory

of the case.  *Beardslee v. Woodford*, 358 F.3d 560, 577 (9th Cir. 2003) ("Failure to instruct on the defense theory of the case is reversible error if the theory is legally sound and evidence in the case makes it applicable").

Here, Petitioner fails to demonstrate that the trial court should have instructed the jury on the offenses of possession and possession for sale, and that this omission caused his trial to be fundamentally unfair.  Possession and possession for sale of a controlled substance are not lesser included offenses of selling or offering to sell a controlled substance.  *People v. Peregrina-Larios*, 22 Cal.App.4th 1522, 1524 (1994).  Moreover, a trial court need not instruct on a lesser included offense where the evidence establishes that if the defendant was guilty, he was guilty of the greater offense.  *People v. Bacigalupo*, 1 Cal.4th 103, 127 (1991), judg. vacated and cause remanded 506 U.S. 802 (1992), reaffd. 6 Cal.4th 457 (1993).  As determined above, there was sufficient evidence to support Petitioner's conviction for selling cocaine base.  Sufficient proof of all essential elements of the crime was provided to the jury.

Petitioner has failed to demonstrate that the California Court of Appeal's rejection of his lesser included offenses claim is contrary to or an unreasonable application of clearly established law as determined by the Supreme Court of the United States.  Petitioner's claim in this regard also does not present a federal question and is barred by *Teague*.  Accordingly, Petitioner is not entitled to habeas relief on his lesser included offenses claim.

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 16

**V.   Confrontation Clause Claim**

Petitioner lastly argues that the admission of documentary evidence to prove the prior conviction and prior prison term allegations violated his right to confrontation under the Fourteenth Amendment to the United States Constitution within the meaning of *Crawford v. Washington*, 541 U.S. 36 (2004).  (Ct. Rec. 5).  Petitioner failed to object to the admission of documentary evidence at trial.

The California Court of Appeal denied Petitioner's confrontation clause claim indicating as follows:

> Defendant's final claim is that the use of documentary evidence at the bifurcated hearing on his sentence enhancements violated his right to confrontation under *Crawford v. Washington* (2004) 541 U .S. 36 [158 L.Ed.2d 177]. Penal Code section 969b states that "records or copies of records of any state penitentiary, reformatory, county jail or city jail, or federal penitentiary in which [defendant] has been imprisoned" may be used to establish prima facie evidence of prior convictions, if "such records or copies thereof have been certified by the official custodian of such records . . . ." Since trial counsel did not object to the records, defendant's *Crawford* claim is forfeited. (See *People v. Rowland* (1992) 4 Cal.4th 238, 265, fn. 4.) The *Crawford* claim is also without merit. (*People v. Taulton* (2005) 129 Cal.App.4th 1218, 1224-1225.)

*Johnson*, 2006 WL 1645229 at *5.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims based on a state procedural law.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1989); *Park v. California*, 202 F.3d 1146, 1150 (2000) ("A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements . . . .").  This concept has been commonly referred to as the procedural default

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 17

doctrine.   The doctrine of procedural default is based on concerns of comity and federalism.  *Coleman*, 501 U.S. at 730-732.

In order for the procedural default doctrine to apply and thereby bar federal review, the state court determination of default must be grounded in state law that is both *adequate* to support the judgment and *independent* of federal law.  *Ylst*, 501 U.S. at 801; *Coleman*, 501 U.S. at 729-730.  Put another way, the procedural default doctrine will apply only if the application of the state procedural rule provides "an adequate and independent state law basis" on which the state court can deny relief.  *Park*, 202 F.3d at 1151, *quoting Coleman*, 501 U.S. at 729-730.  When the state procedural rule is grounded in state law that is both adequate to support the judgment and independent of federal law, a federal court is barred from reviewing the merits of a claim if the state court "unambiguously, clearly and expressly state[d] that its judgment rested on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 262-263 (1989).  When the state court states the procedural bar and simultaneously rejects the merits of a petitioner's claim, the state court's application of a procedural rule is not undermined.  *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003); *see also Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989).

Here, the California Court of Appeal rejected Petitioner's confrontation clause claim holding that it was procedurally barred under state law because Petitioner failed to object to the documentary evidence at trial.  The Court of Appeal cited *People v. Rowland*, 4 Cal.4th 238, 265 n. 4 (1992).  This citation refers to California's "contemporaneous objection" rule.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 18

California's "contemporaneous objection rule" requires objection at trial regarding the admission or exclusion of evidence in order to preserve the issue for appeal.  This rule is considered an independent and adequate state procedural ground.  *Chien v. Shumsky*, 323 F.3d 748, 751-752 (9th Cir. 2003), *rev'd en banc and reversed on other grounds by Chien v. Shumsky*, 373 F.3d 978 (9th Cir. 2004); *Melendez v. Pliler*, 288 F.3d 1120, 1125 (9th Cir. 2002); *Rich v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999).

Petitioner's claim is barred by a state procedural law that is both adequate to support the judgment and independent of federal law. The state court clearly stated that its resolution of this claim rested on a state procedural bar.  Accordingly, absent an applicable exception, this Court is barred from reviewing Petitioner's confrontation clause claim.

There are two exceptions to procedural default.  The federal court may still consider the claim if the petitioner can demonstrate (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice.  *Harris*, 489 U.S. at 262; *Coleman*, 501 U.S. at 750.

The Supreme Court has stated that cause exists if the prisoner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *accord Coleman*, 501 U.S. at 752-753; *see McCleskey v. Zant*, 499 U.S. 467, 493 (1991).  The notions of "objective factors" and "external impediments" encompass a broad range of scenarios.  *Coleman*, 501 U.S. at 753.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 19

In this case, Petitioner has not demonstrated "cause" for the default.  Petitioner also fails to show the existence of any objective factors or external impediments which would demonstrate that Petitioner's opportunity to raise his claim was not sufficiently fair. Likewise, Petitioner presents no argument showing actual prejudice for purposes of the procedural default doctrine.

Finally, a petitioner who has committed a procedural default may be excused from the default and obtain federal review if he can demonstrate that the failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 495, *quoting Engle v. Isaac*, 456 U.S. 107, 135 (1982) ("[T]he principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration'").  The Supreme Court has yet to provide a definitive interpretation of the term "fundamental miscarriage of justice."  However, the Court has made it clear that a fundamental miscarriage of justice exists when one alleges "actual innocence."  *Herrera v. Collins*, 506 U.S. 390 (1993); *Schlup v. Delo*, 513 U.S. 298 (1995); *Murray*, 477 U.S. at 496 ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).  Petitioner must "show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard for the unreliability of it) and evidence tenably claimed to have been wrongly

excluded or to have become available only after the trial, the trier of fact would have entertained a reasonable doubt of his guilt." *Sawyer v. Whitley*, 505 U.S. 333, 339 n. 5 (1992).  However, the district court must "bear in mind that the exception for 'actual innocence' is a very narrow exception."  *Id.* at 341.  "A prototypical example of 'actual innocence'. . . is the case where the State has convicted the wrong person of the crime. . . . [I]n rare instances it may turn out later, for example, that another person has credibly confessed to the crime, and it is evident that the law has made a mistake."  *Id.* at 340.

In this case, Petitioner does not argue that he is actually innocent of the crime for which he was convicted.  He does not contend that some other individual committed the crime for which he was found guilty and does not allege that the discovery of new facts would prove his actual or probable innocence.

Petitioner has therefore established neither cause and prejudice nor that the case rises to the level of a "fundamental miscarriage of justice."  Hence, Petitioner is procedurally barred from raising the defaulted confrontation clause claim.  *Harris*, 489 U.S. at 262; *Coleman*, 501 U.S. at 750.

**CONCLUSION**

The Court being fully advised, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (**Ct. Rec. 5**) is **DENIED**.  Judgment shall be entered in favor of Respondents and against Petitioner.

///

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 21

The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, **enter judgment accordingly**, furnish copies to counsel and **Petitioner** and **CLOSE THE FILE.**

**DATED** this  30th  day of November, 2009.


                                S/Fred Van Sickle
                             Fred Van Sickle
                   Senior United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 22